UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| N.N.,[1]<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,[2]<br><br>　　　　　　Defendant. | Case No. 23-cv-03489-PHK<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)**<br><br>Re: Dkt. 18 |

## INTRODUCTION

Now before the Court is Plaintiff's counsel's unopposed motion for an award of attorney's fees under 42 U.S.C. § 406(b). [Dkt. 18]. Plaintiff's counsel, Katherine Siegfried, seeks $22,612.50 out of $90,450.00 in past-due benefits. *Id.* at 1. Defendant does not oppose the request. [Dkt. 19]. For the reasons set forth herein, the Court **GRANTS** the motion for attorney's fees.

## RELEVANT BACKGROUND

On February 8, 2015, Plaintiff protectively filed an application for a period of disability and disability insurance benefits, pursuant to Title II of the Social Security Act, 42 U.S.C.

---

[1] In actions involving requested review of a decision by the Commissioner of the Social Security Administration, the Court generally uses the Plaintiff's first and last initials to refer to the Plaintiff in the Court's public Orders out of an abundance of caution and out of regard for the Plaintiff's potential privacy concerns.

[2] This lawsuit was initially filed against Kilolo Kijakazi, who was then the Acting Commissioner of the Social Security Administration. *See* Dkt. 1. Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano, who is the current Commissioner of the Social Security Administration as of the date of this Order, is "automatically substituted" as Defendant.

§ 405(g). [Dkt. 8 (hereinafter, "AR") at 204-07]. Plaintiff's application was denied, initially on November 20, 2025, and upon reconsideration on March 23, 2016. [AR 115-25]. Plaintiff then successfully requested a hearing before an Administrative Law Judge (ALJ), which took place on March 20, 2018. [AR 126-99; *see* AR 51-91]. On May 31, 2018, the ALJ issued a written order denying benefits, and on June 6, 2019, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. [AR 1-6, 16-26].

Plaintiff thereafter filed a Complaint in federal court seeking review of the Commissioner's decision. [AR 3209-12]. On September 30, 2021, the Court reversed and remanded the case, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings. [AR 3225-41]. On remand, the Appeals Council vacated the Commissioner's decision and returned the case to an ALJ for further proceedings consistent with the Court's Order. [AR 3178-82]. A hearing was then held on February 16, 2023, before the same ALJ, who then issued a written decision on April 19, 2023, once again denying Plaintiff's claims for benefits. [AR 3140-177; *see* AR 3092-4106].

On July 13, 2023, Plaintiff filed the Complaint in the instant action, seeking judicial review of the ALJ's second decision after remand. [Dkt. 1]. On September 30, 2024, this Court issued an Order reversing and remanding the case for further administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). [Dkt. 14].

On November 7, 2024, the Court granted the Parties' stipulation for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $11,007.00. [Dkt. 17].

On remand, the Commissioner granted Plaintiff's application and, given that Plaintiff reached full retirement age in April 2020, awarded Plaintiff a lump sum covering disability benefits from February 2014 through March 2020.

Under a contingency fee agreement, Plaintiff agreed to pay her counsel, Attorney Siegfried, up to twenty-five percent of any past-due benefits resulting from a favorable disability decision. [Dkt. 18-4]. In a Notice of Change in Benefits, the SSA informed Plaintiff that she was entitled to $90,450.00 in retroactive benefits, that twenty-five percent of the past-due benefits amounted to $22,612.50, and that this amount was set aside to pay her attorney's fee. [Dkt. 18-5].

2

## LEGAL STANDARD

Attorney's fees may be awarded to a successful social security claimant's lawyer for their representation before a court pursuant to 42 U.S.C. § 406(b).  *Straw v. Bowen*, 866 F.2d 1167 (9th Cir. 1989).  The statute provides that a federal court which "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney" may grant the attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S.C. § 406(b).  In passing § 406(b), Congress sought to protect attorneys from nonpayment of fees, while also shielding clients from unfairly large fees.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

Section 406(b) is meant "to control, not to displace, [contingency] fee agreements between Social Security benefits claimants and their counsel."  *Id.* at 793.  Even if a fee request under § 406(b) is within the twenty-five percent statutory limit, the attorney bears the burden of showing that the fee sought is reasonable, and the court is responsible for serving as an "independent check" to ensure the reasonableness of the fee.  *Id.* at 807.

The Ninth Circuit has instructed that a § 406(g) fee request should be assessed by "looking first to the contingent-fee agreement, then testing it for reasonableness."  *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).  A court reviewing a fee request should consider "the character of the representation and the results the representative achieved," and determine "whether the amount [of fees specified in the contingency fee agreement] need be reduced," for such reasons as "substandard performance, delay, or benefits that are not in proportion to the time spent on the case."  *Id.* at 1151.

The reasonableness determination is not governed by the traditional lodestar method used in evaluating motions for attorneys' fees in the context of other legal regimes, because "[t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement."  *Id.* at 1150.

A § 406(g) fee award must be offset by any award of EAJA fees.  Thus, if a court awards fees under both the EAJA and § 406(b), "the claimant's attorney must refun[d] to the claimant the

3

1  amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (cleaned up).

2  **ANALYSIS**

3  As noted above, Plaintiff entered into a contingent fee arrangement with Attorney Siegfried providing for a twenty-five percent contingent fee (based on the amount of benefits awarded, if successful). The twenty-five percent contingency is self-evidently consistent with the statutory cap. 42 U.S.C. § 406(b). There is nothing in the record to suggest that Plaintiff's counsel's performance in this matter was substandard; to the contrary, Attorney Siegfried's representation resulted in Plaintiff's receiving of $90,450.00 in past-due benefits.

In support of the instant motion, Attorney Siegfried submitted a declaration in which she attests that her non-contingency based hourly rate for appellate cases (not related to Social Security cases) is currently $500 per hour. [Dkt. 18-2 at ¶ 2]. She avers that she spent approximately 52.2 hours working on this case. *Id.* at ¶ 5; *see* Dkt. 18-3. Based on the award requested, this equates to an effective hourly rate of $433.00 per hour, well within the effective hourly rate approved in other cases in this District (including one case involving Attorney Siegfried). *See, e.g.*, *Brenn v. O'Malley*, No. 23-cv-05010-DMR, 2025 WL 2419268, at *2 (N.D. Cal. Aug. 21, 2025) ("Granting Siegfried's request for $43,728.50 in fees amounts to an effective hourly rate of $418.05 per hour. . . . [T]he court finds Siegfried's requested fees are reasonable."); *S.R. v. Kijakazi*, No. 22-cv-00516-JCS, 2024 WL 2868511, at *2 (N.D. Cal. June 5, 2024) ("The Court further finds that the effective rate of $623.98/hour is within the range of what courts have approved in recent years.") (collecting cases).

Further, there is nothing in the record to suggest that any delay in this case was unreasonable or especially attributable to Attorney Siegfried. Additionally, there is nothing in the record to suggest that the amount of fees requested is disproportionate to the time spent on the case or to the benefits awarded. Finally, the time Attorney Siegfried spent on this matter (approximately 52 hours) is reasonable. *Brenn*, 2025 WL 2419268 at *2 (finding 104.6 hours of attorney time spent to be reasonable where case involved original case and case after second appeal after remand).

Accordingly, taking into consideration the record and materials submitted, the Court finds

4

that Plaintiff's counsel, Attorney Siegfried, has met her burden to demonstrate that the requested fees are reasonable.

Having determined that the fee sought is reasonable, the Court now accounts for the attorney's fees paid by the Commissioner under the EAJA. *Gisbrecht*, 535 U.S. at 796. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. *Id.*

Here, the Court finds counsel's § 406(b) fee request reasonable, and therefore, Plaintiff's counsel shall refund to Plaintiff the $11,007.00 in EAJA fees previously awarded. [Dkt. 17].

## CONCLUSION

For all the reasons discussed herein, Plaintiff's counsel's motion for attorney's fees [Dkt. 18] is **GRANTED**. The Commissioner is **DIRECTED** to certify fees under 42 U.S.C. § 406(b) in the amount of $22,612.50, payable to Plaintiff's counsel, Katherine Siegfried. Attorney Siegfried is **ORDERED** to refund to Plaintiff the previously awarded $11,007.00 under the EAJA. [Dkt. 17].

**IT IS SO ORDERED.**

Dated: October 8, 2025

PETER H. KANG
United States Magistrate Judge